IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,886-04






EX PARTE FRANK GARCIA HERNANDEZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22048-A IN THE 47TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use
of a vehicle and sentenced to twenty-five years' imprisonment. 

 Applicant contends that he is being denied credit for time spent released on parole prior to
revocation. Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann,132
S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). It
shall order the Texas Department of Criminal Justice's Correctional Institutions Division and Parole
Division to file affidavits listing Applicant's sentence begin date and the dates of issuance of any
parole-revocation warrants leading to the revocation of his parole. The affidavits shall state whether
Applicant, at the time of his revocation, was serving a sentence for, or has previously been convicted
of, an offense listed in Tex. Gov't Code § 508.149(a). The affidavits shall also address how much
time was remaining on this sentence when Applicant was released on parole, and how much time
Applicant spent on release before the parole-revocation warrant was issued. The affidavits shall state
whether Applicant is receiving credit for any of the time he spent on parole. Finally, the affidavits
shall indicate whether Applicant has submitted his claim to the time credit resolution system of
TDCJ, and if so, the date his claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of credit for that time. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 6, 2008

Do not publish